In The United States District Court
For The Southern District of Alabama
Southern / Division

DAVID KILLINGSWORTH,
Petitioner,

vs.

STATE OF ALABAMA, et.al.,
Respondents.

Case No:
15-0182-CB-B

PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO: 28 U.S.C., §2254

Comes Now, your above Petitioner "herein", in this above style matter, and give's the following complaint:

COMPLAINT

Procedural History:

1.... Petitioner on September 10, 2010, pleaded guilty to Murder, a violation of Ala.Code.1975., §13A-6-2, as charged by Indictment, subsequently he recieved a Life Sentence via Alabama's Recidivest Statute §13A-5-9, Ala. Code. 1975.

2.... This plea of guilty evolved during a trial by jury, where Petitioner upon advice of counsel withdrew his not guilty plea and entered the plea of guilt during the States case in chief.

1.

3.... On January 12, 2011, Petitioner filed a motion to withdraw the guilty plea, and was denied by the trial Court.

4.... On September 4, 2013, Petitioner filed via Rule 32, Ala.R.Crim.P., the prosecution cited the standardized Rule 32 preclusion's, specifically Rule 32.2(c), "untimely" and Rule 32.6(b), "insufficient pleading", Ala.R.Crim.P.

5.... The trial Court in toto adopted the States seeming above motion to dismiss via the preclusion's, Petitioner gave timely "notice of appeal"....

6.... On appeal the Alabama Court of Criminal Appeals Affirmed the trial Court's dismissal/denial, on September 26, 2014, via "unpublished memorandum", appellate no: CR-13-1248....

7.... The Alabama Supreme Court denied "Certiorari" review with no-opinion on 1-16-2015, appellate no: 1140129...

8.... Final judgment was issued in this Cause on 1-16-2015 by the Alabama Appellate Courts, via "Certificate of final Judgment, CR-13-1248....

9.... Petitioner, took no direct appeal in this matter, and other than the above history, he has no further pending litigation of this matter in any forum, State or Federal, and he is serving no other Sentence other than this instant Sentence of Life....

GROUNDS/ISSUES:

I..... The United States Constitution's Fourteenth Amendment Mandate's A New Trial, Under The Protection's of The Due Process/Equal Protections Clause's, because;

II..... Petitioner's Sixth Amendment Right To Effective Counsel Was Abridged At Trial, Because;

III..... Petitioner Is Actually Innocent Of Murder, And Counsel Induced Petitioner To Plead Guilty In Violation Of U.S.C.A. 6, 14.....

SUPPORTING FACTS:

1.... Petitioner contends; under the "totality of circumstance's" listed by fact's infra, he was induced to a plea of guilty because his Attorney turned from Advocate to Adversary before and during Trial, so he recieved "constructive denial" of any 'adversary testing' of the State's Case, by Counsel's failure's to act or omissions to act, so his Trial was tottally one-sided and unfair, because:

2.... Counsel failed to: (a) investigate the States evidence, (b) use common sense in preparing to test the States Case under that evidence, that direct's Petitioner's innocence, because;

3.... The States Case was not evidenced nor established by the government's own evidence document's and Counsel failed in the following:

3.

(a)..... The State ascert's Petitioner, previous to this incident had a run in with the deceased, and on this night of the incident, Petitioner drove to the location of the Murder, and the victim approached Petitioner's Pick Up Truck;

(b)..... Petitioner, conversed with the victim about a drug transaction, when, Petitioner shot the victim, while he was sitting under the steering wheel, and the victim stood at the driver's door.....

(c)..... Once the victim fell to the ground, Petitioner next got out of the truck, stood over the victim and shot him once more, got back in his truck and drove away.....

(d)..... During trial, the victim's Uncle testified he witnessed the above facts.....

(e)..... Two accomplice's, riding in Petitioner's truck testified to the above facts, during Police interrogation's, for which they were given deals of no incarceration...., by the police.....

THE POLICE DOCUMENTS AND FORENSIC EVIDENCE TOTTALY SHOW THE TESTIMONY IS UNRELIABLE AND FALSE: because;

(a)..... The mobile, Alabama police were only blocks away and heard two gunshot's, and in area, arrived on the scene in a few minute's;

(b)..... Upon initial contact, the victim was lying in the edge of the street on his back;

4.

(c)....The victim's Uncle James William's, was there, because the Murder was in front of his house, well known by police to be an operational crack and drug house, and the victim was a street dealer for James Williams, and this Petitioner had bought drug's from the victim numerous time's;

(d)....However, James William's asked a very peculiar question to the Mobile police, when he first got to them, he asked: "Can you tell from which direction and angle the bullet came from"? He did not ask if his nephew was OK or not, just this odd question was all he wanted answered; that is because, the following show's and prove's he Murdered his nephew the victim, and not this Petitioner:

THE POLICE PHOTO SPREAD:

1....The record show's, in the police Crime Scene Photo, a dead boby lying on his back, there are no shell casings anywhere! Why?, Because they are 40-50 ft away in the grass, in the front yard of the Crack house, where the Uncle James William's testified he was sitting;

2....The photo shows a .22 Caliber rifle lying in the ditch 20 ft away from the victim, again close to the Crack house, James Williams testified it was his, and he told it was a .22 caliber rifle, he also testified he had a pistol, but he refused to say what caliber it was;

3....That's the reason Petitioner was charged because, police were told he had a .25 caliber handgun this night, however, after an intense search, Petitioner was not found to have any weapon's unlike James William's;

5.

THE FORENSIC REPORT:

1..... This report first show's, the victim was killed by a .25 caliber projectile;

2..... The projectile entered the victim's lower left back rejion, travelled upward and lodged in the heart;

3..... Also, this report show's a second projectile which entered the victim's right thigh rejeion, exiting the front,

STATES WITNESS TESTIMONY:

1..... James William's testified he had a .22 rifle, but it was empty, he also had a pistol of unknown caliber, but he say's it was empty also, and he saw Petitioner shoot the victim at the door of his truck,

2..... However, even the Petitioner's accomplice's stated they saw Petitioner shoot the victim while sitting under the steering wheel, and Petitioner reached out and grabbed the victim by the coat collar and fire through the drivers window, and then Petitioner exited his truck stood over the victim and fired again, while the victim lay on his back in the street;

3..... This testimony is false, or the State's report and photo is false, both can not be true because:
(a)... The FORENSIC REPORT, show's, there are no powder burn's on the deceased body,
(b)... But even more shocking is forensics shows the victim was shot from behind, not from the front!

6.

4..... Further the accomplice testimony show's there were 6 or 7 black males standing in the front yard of James William's Crack House, and there was gunfire coming from that house, to the truck in the road which Petitioner was driving and at which the victim was standing at the door conversing with Petitioner, which the victim had his back to the gunfire.....

DEFENSE COUNSELS FAILURE TO DEFEND:

1.... Any common sense jury hearing the above facts, properly presented, would not and could have not with legal instruction's found Petitioner guilty of Murder, and Petitioner was denied a fair trial, and Counsel because;

2.... It is apparent fact's that:
(a)... Petitioner and this Crack house had bad blood, so when owner and Uncle of the Victim heard Petitioner was on his way over to buy some crack, James Williams got his .22 rifle and unknown pistol out, and called the 6-7 enforcer's that was standing in the Crack house front yard when Petitioner arrived and,

(b).... James William's sent his drug dealer nephew down to the street to await Petitioner, and once the nephew victim walked up to the drivers door of Petitioners truck, and him and Petitioner started arguing over the transaction and Petitioner grabbed the deceased by by the coat and pulled him to the drivers door, then gunfire from the Crack house broke out.

7.

RELIEF REQUESTED:

1. ... Where the State forum, has not afforded even a hearing under these facts above, but rather use's the mere design and operation of a Rule mechanism, of Rule 32, Ala.R.Crim.P., to deny Petitioner's right of grievance review under U.S.C.A. 1, the right to effective Counsel performance under U.S.C.A. 6 and a fair trial under U.S.C.A. 14. Petitioner pray's this honorable Federal Court will issue the Writ and discharge him from an Unlawful State Custody for under which he serve's Life, on a Crime for which he still adamently declare's his innocense.

Respectfully Submitted, this 20th day of March, 2015.

David Killingsworth
David Killingsworth, Pro-Se, Petitioner.

David Killingsworth
PO Box 56
Elmore Al 36025
Staton Correctional

E1-25A

Case 1:15-cv-00182-CB-B   Document 1   Filed 04/03/15   Page 9 of 9

9577

FIRST CLASS

U.S. POSTAGE >> PITNEY BOWES

ZIP 36104 $ 000.69⁰
02 1W
0001399449 APR 01 2015

United States District Court
Southern District Of Alabama
113 St. Joseph Street
Mobile, Alabama        36602

Legal
Mail

LEGAL MAIL
3660233683