**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

DAVID KILLINGSWORTH,        :

      Petitioner,           :

vs.                        :   **CIVIL ACTION NO. 15-00182-CB-B**

STATE OF ALABAMA,          :

      Respondent.         :

## REPORT AND RECOMMENDATION

Petitioner David Killingsworth filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254, and an in forma pauperis declaration. (Docs. 1, 2). Because Killingsworth has failed to prosecute and to comply with the Court's order dated April 20, 2015 (Doc. 3), it is recommended that this action be dismissed without prejudice.[1]

Killingsworth's habeas petition and declaration are not on the forms required by this Court. Accordingly, in an order entered on April 20, 2015 (Doc. 3), this Court directed Killingsworth to refile his petition and declaration on the forms required by this court by May 7, 2015. Killingsworth was further advised that in lieu of filing a motion to proceed without prepayment of fees, he could pay the $5 filing fee by May 7, 2015 (Doc. 3). Killingsworth was expressly

---

[1] This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.

advised that if he elected not to refile on the Court's current forms for a petition under 28 U.S.C. § 2254 and a motion to proceed without prepayment of fees, or in lieu thereof, pay the required $5.00 filing fee, this action would be dismissed without prejudice for failure to prosecute and to obey the Court's order. (Id.) The Court also directed the Clerk to forward to Killingsworth a copy of the requisite forms along with a copy of the order.  To date, Killingsworth has not responded in any manner to the Court's order, nor has his copy of the order and forms been returned to the Court.

Due to Killingsworth's failure to comply with the Court's April 20, 2015 order(Doc. 3), and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995);  Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709

2

F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc.,
501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal
courts' inherent power to manage their own proceedings authorized
the imposition of attorney's fees and related expenses as a sanction;
Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.
1993)(finding that the court's inherent power to manage actions before
it permitted the imposition of fines), cert. denied, 510 U.S. 863,
114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all
parties in the manner provided by law.  Any party who objects to this
recommendation or anything in it must, within fourteen (14) days of
the date of service of this document, file specific written objections
with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ.
P. 72(b); **S.D. Ala. L.R.** 72.4.  The parties should note that under
Eleventh Circuit precedent, "the failure to object limits the scope
of [] appellate review to plain error review of the magistrate judge's
factual findings." Dupree v. Warden, Attorney General, State of
Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011).  In order to be
specific, an objection must identify the specific finding or
recommendation to which objection is made, state the basis for the
objection, and specify the place in the Magistrate Judge's report
and recommendation where the disputed determination is found.  An

3

objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **24th** day of **August, 2015.**

**/S/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**